### 22941

Thomas M. BALDWIN, d/b/a Baldwin Driver Training, Inc., Appellant v. SOUTH CAROLINA DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Director of Highway Safety, T. M. LeGrand, Respondents.

(376 S. E. (2d) 259)

Supreme Court

*Herman F. Richardson, Jr.,* Columbia, *for appellant.*

*William L. Todd* and *Victor S. Evans,* Columbia, *for respondents.*

Heard Nov. 14, 1988.

Decided Jan. 16, 1989.

LITTLEJOHN, Acting Associate Justice:

The circuit court affirmed an Order of the Department of Highways and Public Transportation revoking the license of Appellant, Thomas M. Baldwin, to operate a driver training school. Baldwin appeals; we affirm.

Section 56-23-10 *et seq.* Code of Laws of 1976 authorizes the department to issue licenses for persons to engage in the business of training or educating persons to drive motor vehicles. Section 56-23-50 gives to the department the authority to "... revoke or suspend any license where the department finds that the licensee has failed to maintain the required minimum standards or conditions of operation or conducts the school in any way inimical to the public interest or safety on the highways." Section 56-23-60 gives the department the right to establish minimal standards for the training schools.

Baldwin was given a hearing before an administrative officer at which testimony and exhibits were submitted. The hearing officer found that Baldwin had violated numerous regulations and recommended that the license issued to Baldwin be permanently revoked. The recommendation was adopted by the Director of Highway Safety resulting in the appeal to the circuit court. After a hearing, Circuit Court Judge Hubert Long dismissed the appeal.

Baldwin filed eight exceptions to the Order of Judge Long which were reduced to five questions as found in the Ap-

pellant's Brief. There are, in actuality, only two questions for determination by this Court: (1) Was Baldwin denied due process and (2) is there substantial evidence in the record to support the order of revocation?

## DUE PROCESS

Counsel for Baldwin argues that a trial *de novo* should have been provided, and that driver training school licensees are treated differently from other licensees such as pharmacists, barbers, physicians, opticians, and sanitarians. He further argues that due process is denied because employees within the department are permitted to adjudicate issues permitting, he contends, the department to act in the areas of all three branches of government.

We find the argument without merit. This issue was settled by the Court in the case of *Babcock Center, Inc. v. Office of Audits*, 286 S. C. 398, 334 S. E. (2d) 112 (1985). In that case we held that both prosecution and adjudication within an agency does not preclude, as a due process violation, an administrative agency from adjudicating appeals by panels composed of other persons within the same agency who did not participate in investigation or prosecutorial capacities.

The constitutional mandate of equal protection of the laws is met if all persons within a classification are treated alike. There is no requirement that all persons be treated alike. The Legislature is permitted a broad discretion in designating classifications. The classification here involved is not violative of the equal protection clause. All exceptions addressed to the due process issue are without merit.

## SUFFICIENCY OF EVIDENCE

The proceeding resulting in the revocation of the license is subject to review and controlled by the Administrative Procedures Act. In such cases the Court will not reverse, unless a determination of the agency is based on an error of law or not supported by substantial evidence. Those exceptions addressed to an attack on the evidence as being insufficient are patently without merit. We find, as did the circuit court

judge, that there is substantial evidence supporting the agency's decision.

Exceptions not herein specifically addressed are found without merit and are disposed of under our Rule 23.

Affirmed.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.